IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Michael A. Breyan, #332098, ) | Case No. 2:16-cv-4007-BHH-MGB |
| Plaintiff, ) | |
| v. ) | |
| ) | REPORT AND RECOMMENDATION |
| All Medical Staff, ) | |
| Defendants. ) | |

Plaintiff Michael A. Breyan has filed this civil action pursuant to 42 U.S.C. § 1983, complaining of his medical care. (DE# 1). Plaintiff is a state prisoner currently incarcerated at Lieber Correctional Institution located in Ridgeville, South Carolina. He is proceeding *pro se* and *in forma pauperis*. Pursuant to 28 U.S.C. §636(b)(1), and Local Rule 73.02(B)(2) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review the complaint and to submit findings and recommendations to the United States District Judge. Upon careful review, the Magistrate Judge recommends that the Complaint be **summarily dismissed without prejudice**, and without issuance and service of process, for the following reasons:

**I. Screening of *Pro Se* Prisoner Complaints**

Under established local procedure in this judicial district, the Magistrate Judge has carefully reviewed this *pro se* prisoner complaint pursuant to 28 U.S.C. § 1915 and in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The Prison Litigation Reform Act ("PLRA") permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. 28 U.S.C. § 1915(a)(1). To protect against possible abuses of this privilege, the statute allows the

court to dismiss the case upon finding that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte* "at any time." *Neitzke*, 490 U.S. 319. The PLRA also provides for the screening of complaints "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

## II. Liberal Construction

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5 (1980) (per curiam). The liberal construction afforded *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim, it should do so, but a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't. of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## III. Discussion

### A. The Complaint's Allegations

Plaintiff's Complaint is often difficult to follow. The gist of his allegations is that he was incarcerated at Lee Correctional Institution in November of 2015 and refused to come out of his cell. (DE# 1 at 4, ¶ II D). He alleges that he "got shot Nov. 2015, @ Lee County, requested x-ray cause (sic) broke ribs never got it etc." (DE# 1 at 5, ¶ IV (C) "Statement of Claim," as in

original). He refers to "rubber bullets." He alleges that he saw a nurse in January 2016, but "never got an X-ray." (*Id*. at 4). He also indicates he believes he needed medication "[be]cause of mental health issues," but says that "will be another [law]suit." (*Id*. at 5). For relief, Plaintiff demands monetary compensation of $500,000.00 ("cleared"), wants to be released from prison or taken "off S.D. release to the yard." (*Id*. at 6).

### B. Failure to Name a Defendant Amenable to Suit Under § 1983

A civil action under 42 U.S.C. § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd*., 526 U.S. 687, 707 (1999). To state a § 1983 claim, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff's Complaint fails to name or identify any individual defendant amendable to service. (DE# 1, ¶ IV "Statement of Claim"). Plaintiff attempts to sue "All Medical Staff" based on alleged events at four state prisons (i.e. Lee, Broad River, Kershaw, Perry). (*Id*.). Plaintiff generally refers to "all medical staff, doctors, nurses, etc." but does not identify any individual defendant. (DE# 1 at 2, ¶ 1B). A plaintiff must identify the person or persons who purportedly violated his rights. The collective term ("All Medical Staff") does not name a proper party amenable to suit under 42 U.S.C. § 1983. *See, e.g., Brownlee v. Williams*, Case No. 2:07-cv-78-DCN-RSC, 2007 WL 904800, *2 (D.S.C. Mar. 22, 2007) (summarily dismissing complaint against "Medical Dept. Staff Nurses" for failure to state a claim); *Ferguson v. Morgan*, 1991 WL 115759, *1 (S.D.N.Y. June 20, 1991) (holding that the collective term "Medical Staff" did not name a person for purposes of § 1983). Plaintiff's allegations that unspecified defendants violated his rights does not adequately state a § 1983 claim.

For purposes of § 1983, it is well-settled that only "persons" may act under color of state law. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978). Collective descriptive terms are not "persons" subject to suit under 42 U.S.C. 1983. *See Wells v. SCDF Employees*, Case No. 2:10-cv-3011-CMC-BHH, 2011 WL 2472512 (D.S.C. May 19, 2011) (explaining that "use of the term 'medical staff or the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a 'person' as required in a § 1983 action"), *adopted by* 2011 WL 2463066 (D.S.C. June 21, 2011); *Drummond v. Spartanburg Cty.*, Case No. 5:15-cv-04285-MGL-KDW, 2016 WL 1621969 (D.S.C. Jan. 6, 2016), *adopted by* 2016 WL 1596725 (D.S.C. Apr. 21, 2016) (same, dismissing case); *Barnes v. Baskerville Corr. Center Med. Staff*, Case No. 3:07-cv-195, 2008 WL 2564779 (E.D.Va. June 25, 2008) (same, summarily dismissing for failure to state a claim). The Plaintiff's Complaint fails to name a proper defendant in this action, and is therefore subject to summary dismissal.

Although Plaintiff alleges that he was injured at Lee Correctional Institution ("Lee C.I.") and was not X-rayed, he appears to indicate that he also wants to assert his §1983 claim against "all medical staff, doctors, nurses, etc." at three other prisons as well (Broad River, Kershaw, Perry). (DE# 1, ¶ IV). The Complaint does not identify any medical staff as defendants, and moreover, is devoid of any coherent allegations of acts by any member of the medical staff at the other three prisons.[1] When a complaint contains no personal allegations against a defendant, that defendant is properly dismissed. *See, e.g., Reaves v. Richardson*, Case No. 4:09–820–TLW–SVH, 2011 WL 2119318, *6 (D.S.C. Mar. 1, 2011), *adopted by* 2011 WL 2112100 (D.S.C., May 27, 2011); *Faltas v. South Carolina*, Case No. 3:11–3077–TLW–SVH, 2012 WL 988105, *4 (D.S.C. Jan. 27, 2012), *adopted by* 2012 WL 988083 (D.S.C. Mar. 22, 2012), *aff'd by* 489

---

[1] Plaintiff's only reference to a specific member of the medical staff is his allegation that "Nurse Courtney" told him in January [presumably 2016] that a doctor would have to approve x-rays. (DE# 1, ¶ IV).

F.App'x 720 (4th Cir. Nov. 26, 2012). Plaintiff does not indicate when he was at those other three prisons.[2]

Although courts liberally construe *pro se* pleadings, a plaintiff must do more than make conclusory statements against unspecified parties to state a plausible claim. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) ("A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."). A plaintiff must affirmatively state facts indicating that a defendant acted personally in the deprivation of his constitutional rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (emphasizing that a plaintiff must plead that each "defendant, through the official's own actions, has violated the Constitution"); *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001) (in § 1983 actions, "liability is personal, based upon each defendant's own constitutional violations"), *cert. denied*, 537 U.S. 1045 (2002); *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (same). Plaintiff's Complaint fails to identify the medical providers he actually wishes to sue and fails to allege specific acts by any such medical providers. Although deliberate indifference to serious medical needs is generally a cognizable type of claim, the present Complaint fails to state a plausible claim because it fails to identify any specific defendants and fails to allege any personal acts by any individual defendant.

Finally, in his request for relief, plaintiff asks to be released from detention. (DE# 1 at 6, ¶ VI "Relief"). Release from prison is not available as relief in a § 1983 action. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier

---

[2] An online search of the South Carolina Inmate Search website reflects that Plaintiff was transferred from Lee C.I. to Broad River C.I. on December 18, 2015; to Kershaw C.I. on February 25, 2016; to Perry C.I. on March 9, 2016, and then to Lieber C.I. on July 14, 2016. See http://public.doc.state.sc.us/scdc-public/inmateDetails. Site checked January 11, 2017. Plaintiff currently resides at Lieber C.I.

release"); *O'Brien v. Moore*, 395 F.3d 499, 505 (4th Cir. 2005) (the traditional function of writ of habeas corpus is to obtain release from illegal custody); *Johnson v. Ozmint*, 567 F.Supp.2d 806, 823 (D.S.C. 2008) (release from prison is not a remedy available under 42 U.S.C. § 1983).

Accordingly, the Magistrate Judge **RECOMMENDS** that the Plaintiff's Complaint (DE# 1) be **summarily dismissed without prejudice** and without issuance and service of process.

**IT IS SO RECOMMENDED.**

January 12, 2017
Charleston, South Carolina

MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

The plaintiff's attention is directed to the **Important Notice** on following page:

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).