IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Michael A. Breyan, #332098, | ) | Case No. 2:16-cv-4007-BHH-MGB |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Medical, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Michael A. Breyan has filed this civil action pursuant to 42 U.S.C. § 1983, complaining of his medical care. (DE# 1). Plaintiff is a state prisoner currently incarcerated at Lieber Correctional Institution located in Ridgeville, South Carolina. He is proceeding *pro se* and *in forma pauperis*. Pursuant to 28 U.S.C. §636(b)(1), and Local Rule 73.02(B)(2) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review the Amended Complaint and to submit findings and recommendations to the United States District Judge. Upon careful review, the Magistrate Judge recommends that the Amended Complaint be **summarily dismissed without prejudice**, and without issuance and service of process, for the following reasons:

I. **Standard of Review**

Under established local procedure in this judicial district, the Magistrate Judge has carefully reviewed this *pro se* prisoner complaint pursuant to 28 U.S.C. § 1915 and in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The Prison Litigation Reform Act ("PLRA") permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.

28 U.S.C. § 1915(a)(1). To protect against possible abuses of this privilege, the statute allows the court to dismiss the case upon finding that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte* "at any time." *Neitzke*, 490 U.S. 319. The PLRA also provides for the screening of complaints "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5 (1980) (per curiam). The liberal construction afforded *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim, it should do so, but a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't. of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## II. Procedural History

Plaintiff filed this action against "All Medical Staff" on December 27, 2016. (DE# 1, Complaint). Although the allegations of the Complaint were not clear, Plaintiff appeared to be attempting to sue medical staff at four different prisons. On January 12, 2017, the Magistrate Judge recommended that the Plaintiff's Complaint be dismissed without prejudice because: 1) the Complaint merely sued "All Medical Staff" and failed to identify any specific persons the

Plaintiff actually wished to sue (i.e. he sued only a "collective term" that did not name a person for purposes of 42 U.S.C. § 1983); 2) the Complaint failed to allege specific acts by any medical providers, and thus, failed to state a plausible claim against any defendant; and 3) the Complaint sought relief (i.e. release from prison) that was not available or appropriate in a § 1983 action. (DE# 7, Report and Recommendation). The District Court adopted the Report and Recommendation, and dismissed the case without prejudice. (DE# 10, Order of February 3, 2017). Plaintiff filed no objections, nor did he ask to amend his Complaint. Plaintiff did, however, file an appeal.

On May 31, 2017, the Fourth Circuit Court of Appeals dismissed the appeal for lack of jurisdiction and remanded the case to the District Court with instructions "to allow Breyan to amend his complaint." (DE#20, copy of unpublished opinion). On June 5, 2017, the District Court followed the remand instructions, reinstated the case, and entered an Order directing Plaintiff "to file his amended complaint, if any, no later than 30 days from the entry of this order." (DE# 23, Order). Plaintiff had until July 5, 2017 to file an amended pleading.

Plaintiff filed an Amended Complaint (DE# 28) on July 17, 2017. Despite this Court's prior detailed explanation of the prior Complaint's deficiencies, Plaintiff did not cure any such deficiencies in his Amended Complaint and merely named "Medical" as a defendant. Plaintiff also continued to ask for relief that is not available. In an abundance of caution, this Court gave Plaintiff yet another opportunity to file an amended pleading that sought appropriate relief and actually named the defendants that Plaintiff wished to sue. (DE# 30, Order of 07/18/2017). The Order of 07/18/2017 specifically advised Plaintiff that his "First Amended Complaint does not cure the deficiencies already pointed out to Plaintiff." The Order of 07/18/2017 explained in plain language and in bold under-lined typeface that "**[f]or purposes of § 1983, Plaintiff must sue an individual person, not an entire department**." (*Id*.). The Order of 07/18/2017 gave

Plaintiff "thirty (30) days from the date of this Order in which to file a Second Amended Complaint." (*Id*.). The Order also specifically explained that the "Court does not award cars and houses as damages." (*Id*.).

This Court has fully complied with the remand instructions and given Plaintiff adequate opportunity to amend. Plaintiff's Amended Complaint has not cured any of the deficiencies already identified by the prior Report and Recommendation. (DE# 7). Despite being given sufficient opportunity to file a Second Amended Complaint, Plaintiff has not availed himself of such opportunity. Therefore, this case should be dismissed without prejudice for following reasons:

## IV. Discussion

### A. The Amended Complaint's Allegations

Plaintiff's Amended Complaint is often difficult to follow. He sues "Medical" in "individual capacity." (DE# 28 at 2). The gist of Plaintiff's allegations is that while incarcerated at Lee Correctional Institution in November of 2015, he refused to come out of his cell and correctional officers had to use force to remove him. He complains that he was injured and wanted an x-ray, but did not receive one. He alleges that he "@ Lee County got shot 3 times [with rubber bullets], requested x-ray cause had broke ribs … never got an x-ray." (*Id*. at 5, ¶ IV.A) "Statement of Claim"). Plaintiff alleges (verbatim) that "till this day I've still haven't goten x-ray." (*Id*. at 5, ¶ IV.B). He alleges that he has physical and mental injuries. (*Id*. at 6, ¶V). For relief, Plaintiff demands damages of "$500,000.00 each, car and house, all privileges renewed, restitution cleared, canteen released." (*Id*. at 6, ¶VI, "Relief").

### B. Failure to Name a Defendant Amenable to Suit Under § 1983

To state a § 1983 claim, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged

violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff's Amended Complaint fails to name or identify any individual defendant amendable to service. (DE# 28). Plaintiff attempts to sue "Medical" but does not identify any individual defendant. A plaintiff must identify the person or persons who purportedly violated his constitutional rights. The collective term ("Medical") does not name a proper party amenable to suit under 42 U.S.C. § 1983. *See, e.g., Brownlee v. Williams*, Case No. 2:07-cv-78-DCN-RSC, 2007 WL 904800, *2 (D.S.C. Mar. 22, 2007) (summarily dismissing complaint against "Medical Dept. Staff Nurses" for failure to state a claim); *Ferguson v. Morgan*, 1991 WL 115759, *1 (S.D.N.Y. June 20, 1991) (holding that the collective term "Medical Staff" did not name a person for purposes of § 1983). Plaintiff's allegation that unspecified defendants (referred to as "Medical") violated his rights does not adequately state a § 1983 claim. The Court has repeatedly explained this to Plaintiff and given Plaintiff multiple opportunities to amend his pleadings. Plaintiff has not corrected such deficiency and persists in merely suing the collective term "Medical."[1]

For purposes of § 1983, it is well-settled that only "persons" may act under color of state law. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978). Collective descriptive terms are not "persons" subject to suit under 42 U.S.C. 1983. *See Wells v. SCDF Employees*, Case No. 2:10-cv-3011-CMC-BHH, 2011 WL 2472512 (D.S.C. May 19, 2011) (explaining that "use of the term 'medical staff or the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a 'person' as required in a § 1983 action"), *adopted by* 2011 WL 2463066 (D.S.C. June 21, 2011); *Drummond v. Spartanburg Cty.*,

---

[1] This case is also not in proper form for service. Although the Court's Order (DE# 30) instructed Plaintiff that he must name individual defendants and submit proposed service documents for them, Plaintiff failed to do so. The Clerk of Court mailed Plaintiff blank forms, but Plaintiff has not responded. (DE# 31). Failure to comply with the Court's Order provides another basis for dismissal.

Case No. 5:15-cv-04285-MGL-KDW, 2016 WL 1621969 (D.S.C. Jan. 6, 2016), *adopted by* 2016 WL 1596725 (D.S.C. Apr. 21, 2016) (same, dismissing case); *Barnes v. Baskerville Corr. Center Medical Staff*, Case No. 3:07-cv-195, 2008 WL 2564779 (E.D.Va. June 25, 2008) (same, indicating that "Medical Staff" is not a person for purposes of § 1983 and summarily dismissing for failure to state a claim). Plaintiff's Amended Complaint fails to name a proper defendant in this action, and is therefore subject to summary dismissal.

Although Plaintiff alleges that he was injured at Lee Correctional Institution ("Lee C.I.") and not X-rayed, the Amended Complaint does not identify any medical staff as defendants, and moreover, is devoid of any alleged specific acts by any member of the medical staff.[2] Although courts liberally construe *pro se* pleadings, a plaintiff must do more than make conclusory statements against unspecified parties to state a plausible claim. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) ("A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."). A plaintiff must affirmatively state facts indicating that a defendant acted personally in the deprivation of his constitutional rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (emphasizing that a plaintiff must plead that each "defendant, through the official's own actions, has violated the Constitution"); *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001) (in § 1983 actions, "liability is personal, based upon each defendant's own constitutional violations"), *cert. denied*, 537 U.S. 1045 (2002); *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (same).

Plaintiff's Amended Complaint fails to identify the medical providers he actually wishes to sue and fails to allege specific acts by any individual medical providers. Although deliberate

---

[2] Plaintiff acknowledges that he was seen by a nurse practitioner in June 2016. (DE# 28 at 9, ¶ VII.F.2).

indifference to serious medical needs is cognizable as a constitutional claim, the present Complaint fails to state a plausible claim because it fails to identify any specific defendants and fails to allege any personal acts by any individual defendant. Plaintiff merely names "Medical" as the Defendant, and thus, it is unclear whether Plaintiff is attempting to sue medical providers at any other prisons besides Lee Correctional Institution. Plaintiff refers to Kershaw Correctional Institution and Broad River Correctional Institution, but does not indicate when he was at those prisons.[3] In any event, Plaintiff has not named any individual defendants at any state prison.

### C. Requested Relief Not Available in § 1983 Action

Finally, in his request for relief, plaintiff persists in asking for certain relief that is unavailable as damages in a § 1983 action. (DE# 28 at 6, ¶ VI "Relief"). As previously explained to Plaintiff, this Court does not award "cars and houses" as compensation in a civil rights action.

Accordingly, the Magistrate Judge **RECOMMENDS** that the Plaintiff's Amended Complaint (DE# 28) be **summarily dismissed without prejudice** and without issuance and service of process.

**IT IS SO RECOMMENDED.**

_____

November 15, 2017  
Charleston, South Carolina

MARY GORDON BAKER  
UNITED STATES MAGISTRATE JUDGE

The plaintiff's attention is directed to the **Important Notice** on following page:

---

[3] An online search of the South Carolina Inmate Search website reflects that Plaintiff was transferred from Lee C.I. to Broad River C.I. on December 18, 2015; to Kershaw C.I. on February 25, 2016; to Perry C.I. on March 9, 2016, and then to Lieber C.I. on July 14, 2016. See http://public.doc.state.sc.us/scdc-public/inmateDetails. Plaintiff currently resides at Lieber C.I.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).